of the People. The provision that one moiety shall be paid into the treasury of the county and the other to the informer only applies to the penalty *when recovered,* but does not give the informer the original power to sue it. Lawrence, J. in *Fleming v. Bailey,* 5 East 313. The statute gives to the informer no authority to bring or control the suit. It only provides that one-half of the penalty *when recovered* shall be paid to him. His rights do not arise until a penalty has been recovered. *Wheeler v. Goulding,* 79 Mass. 539.

The actions were properly dismissed and the judgment in each case is affirmed.

*Judgments affirmed.*

---

### City of Chicago, Defendant in Error, v. Victor Jacobs, Plaintiff in Error.

#### Gen. No. 19,101.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

### Statement of the Case.

Complaint filed by the City of Chicago in the Municipal Court charging Victor Jacobs with disorderly conduct in violation of section 2012 of the Municipal Code of Chicago. Defendant waived a trial by jury, was tried by the court, found guilty and a fine of two hundred dollars assessed against him. To reverse the judgment, defendant prosecutes error.

B. W. ANDERSON, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

Mr. Presiding Justice Baker delivered the opinion of the court.

### Abstract of the Decision.

Disorderly conduct, § 1*—*when evidence sufficient to sustain conviction.* On complaint filed in the Municipal Court charging defendant with disorderly conduct, a conviction *held* sutained by the evidence.

---

Anna Farrell, Defendant in Error, v. William J. Farrell et al., Plaintiffs in Error.

Gen. No. 19,154.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John K. Prindeville, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed May 4, 1914.

### Statement of the Case.

Action by Anna Farrell against William J. Farrell, Mrs. Mary Farrell, Miss Mary Farrell and Annie Gallagher in replevin to recover possession of certain furniture. The bailiff was unable to obtain possession of the goods, and thereafter the defendants entered their appearance and the court gave leave to plaintiff to file a statement of claim in trover. No such statement was filed, but the parties treated the action as one of trover. The jury found defendants guilty and assessed plaintiff's damages at three hundred and fifty dollars. To reverse a judgment entered on the verdict, defendants prosecute error.

Fred A. Rathje and Charles E. Loy, for plaintiffs in error.

*See *Illinois Notes Digest, *Vols. XI to XV and *Cumulative Quarterly, *same topic and section number.